(No. 90-CV-0271—)

*In re* APPLICATION OF DAVID WATT

*Order filed April 25, 1990.*

*Opinion filed March 23, 1993.*

DAVID WATT, *pro se*, and Legal Assistance Foundation of Chicago (DEVEREUX BOWLY, of counsel), for Claimant.

NEIL F. HARTIGAN and ROLAND W. BURRIS, Attorneys General (JAMES MAHER III, Assistant Attorney General, of counsel), for Respondent.

## ORDER

BURKE, J.

This claim arises out of an incident that occurred on January 15, 1989. David Watt, Claimant, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. Ill. Rev. Stat. 1987, ch. 70, par. 71 *et seq.*

This Court has carefully considered the application for benefits submitted on August 21, 1989, on the form prescribed by the Attorney General, and an investigatory report of the Attorney General of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted to the Court, the Court finds:

1. That the Claimant alleges that on January 15, 1989, he was leaving a friend's residence when two unknown offenders attacked him and threw him out a window. The alleged incident occurred in an apartment building at 5501 West Washington, Chicago, Illinois. However, according to a case report provided by the Chicago Police Department, there was no indication that a crime actually occurred. During an interview with the police in the emergency room at Loyola Medical Center, the Claimant repeatedly stated that he slipped and fell out a fourth floor window. For this reason, the Chicago Police Department classified the incident as an accidental injury and closed its investigation.

2. That in order for a claimant to be eligible for compensation under the Act, there must be evidence that one of the violent crimes specifically set forth under sec-

tion 72(c) of the Act occurred.

3. That available evidence indicates that the Claimant informed investigating police officers that he slipped and fell from a fourth floor window. Therefore, there is no proof that one of the violent crimes specifically set forth under section 72(c) of the Act occurred.

4. That the Claimant has not met a required condition precedent for compensation under the Act.

It is hereby ordered that this claim be, and is hereby, denied.

## OPINION

BURKE, J.

On January 15, 1989, Claimant was en route to see a friend at the Washington Pine Hotel Apartments located at 5501 West Washington Street. As a former employee of the apartment building, the Claimant knew individuals in the building and was familiar with the physical plant of the building. Claimant walked up the stairwell to the fourth floor and was confronted on the landing by four men. A couple of men grabbed him, threw him into an apartment and beat him. Claimant was robbed and the force of a blow from a piece of wood sent him through a window and he fell to the ground. Claimant did not know any of the individuals involved in the beating and robbery. He was taken to the hospital by ambulance and was unconscious for a period of days.

The Claimant stated that he did not talk to any police officers during the eight-day period he was hospitalized, but it was conceivable that he had conversations he did not remember. Sgt. Dennis Porter of the Chicago Police Department who, at the time of the incident, was

an Area 5 violent crimes investigator, stated that he did examine the scene of the incident and proceeded to Loyola Hospital where he and another officer interviewed the Claimant. The Chicago Police Department considered this a major incident because of the nature of the injuries. Sgt. Porter stated that Claimant was conscious, able to speak and made no inappropriate responses. Claimant told him that he had slipped and fallen out the window. Sgt. Porter told Claimant that he did not believe that statement, but the Claimant maintained that he had slipped and fallen out the window and he would not elaborate any further. Sgt. Porter also indicated that this particular building was a known hangout for narcotics dealers and was later raided by police authorities. After Claimant's statement was taken, the matter was classified as an accident and no further investigation was done.

In order to recover under the Crime Victims Compensation Act, the Claimant must prove that he was ready, willing and able to cooperate with the police in the investigation and prosecution of the crime. In the instant case, the Claimant failed to cooperate and his credibility is highly suspect. Immediately after the accident, he claimed to have fallen out the window and at the hearing he testified that some unknown assailants beat and threw him out the window after taking an unknown amount of money from his person. It is clear that Claimant failed to cooperate with the police in the investigation and prosecution of the crime.

Wherefore, it is hereby ordered that the instant claim is denied.